# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN PASCAL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | **Case No. 8:20-cv-00492-JLS-JDE** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Judge: Honorable Josephine L. Staton <br> Magistrate Judge: Hon. John D. Early <br> Courtroom: 10A (Santa Ana) |

Pursuant to the Stipulation and Proposed Protective Order lodged by Plaintiffs Cristian Pascal and Maria Mengoni ("Plaintiffs"), Defendant Nissan North America, Inc. ("Defendant"), and third-party Nissan Motor Company, Limited (collectively "the parties") on October 18, 2021 (Dkt. 70-1), and for good cause shown therein, the Court finds and orders as follows.

**1.    PURPOSES AND LIMITATIONS**

1.1    Disclosure and discovery in this action may involve production of confidential, proprietary, or private information for which protection from public

1  disclosure and from use for any purpose other than pursuing this litigation may be
2  warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the
3  following Stipulated Protective Order. The parties acknowledge that this Order does not
4  confer blanket protection on all disclosures or discovery and that the protection it affords
5  extends only to the information or items that are entitled to be treated as confidential
6  under the applicable legal principles.

7      1.2    The Parties agree to take care to limit any designation to specific material
8  that qualifies under the appropriate standards below.  To the extent it is practical to do so,
9  the designating Party must designate for protection only those parts of the material,
10 documents, items, or oral or written communications that qualify.

11     1.3    Furthermore, the parties acknowledge that neither this Order nor any
12 confidentiality designation pursuant to it constitutes a ruling by this Court that any
13 specific information is, in fact, confidential. Nor does this Order, or any confidentiality
14 designation pursuant to it, entitle any party to file any information under seal.

15     1.4    Other than marking the document "CONFIDENTIAL" and making other
16 obvious redactions as appropriate, the Producing Party represents that the document is a
17 true and correct copy of the original.  This designation will also encompass the following:
18 (1) any information copied or extracted from Covered Information; (2) all copies,
19 excerpts, summaries, or compilations of Covered Information; and (3) any out-of-court
20 testimony or presentations by Parties or their Counsel that reveals Covered Information.

21     **2.**    **CONFIDENTIAL INFORMATION**
22     2.1    As used in this order, "Confidential Information" shall mean information or
23 tangible things for which there is good cause for confidentiality. Confidential Information
24 includes without limitation: technical data, trade secrets, know-how, research, product or
25 service ideas or plans, software codes and designs, algorithms, developments, inventions,
26 patent applications, laboratory notebooks, processes, formulas, techniques, mask works,
27 engineering designs and drawings, hardware configuration information, agreements with
28 third parties, lists of, or information relating to, employees and consultants including, but
   not limited to, the names, contact information, jobs, compensation, and expertise of such

employees and consultants, lists of, or information relating to, suppliers and customers, price lists, pricing methodologies, cost data, market share data, marketing plans, licenses, contract information, business plans, financial forecasts, historical financial data, budgets or any other confidential business or financial information, including, without limitation: information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. "Confidential Information" does not include any information that:

    a. is publicly available at the time of disclosure;

    b. becomes publicly available after disclosure through no fault of the Receiving Party (defined below);

    c. was known to the Receiving Party prior to disclosure; or

    d. the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

3. **ADDITIONAL DEFINITIONS**

    (a) <u>Challenging Party</u>: a Party that challenges a Designating Party's confidentiality designation.

    (b) <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    (c) <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL." The Party or Non-Party designating information or items as confidential bear the burden of establishing good cause for the confidentiality of all such information or items.

    (d) <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

(e) <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness, testifying or non-testifying, or as a consultant in this Action, including any person specifically retained to provide expert opinions in a hybrid capacity. This definition includes consultants. Each such Expert, will agree to be bound by the terms of this Protective Order

(f) <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

(g) <u>Non-party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action other than Nissan Motor Company, Limited.

(h) <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

(i) <u>Party</u>: any party to this action, including all of its officers, directors, consultants, retained experts, and counsel (and their support staff).

(j) <u>Producing Party</u>: a Party or Non-party that produces Disclosure or Discovery Material in this action.

(k) <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, or a professional jury or trial consultants retained in connection with this litigation.

3

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-00492-JLS-JDE

      (l) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; or (c) the Designating Party withdraws it confidentiality designation in writing.

      (m) <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party

**4. SCOPE**

4.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**5. DESIGNATING MATERIAL AS CONFIDENTIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: The designation of material as confidential shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information. Parties and Non-Parties shall make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of Confidential Information. Each Party or Non-Party that designates information or items for protection under this Order must in good faith take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that

other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified *or* that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties) may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Designating Party's attention that information that it designated confidential does not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated confidential before the material is disclosed or produced.

5.3  <u>Designation in conformity with this Order requires</u>:

(a)  <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>For testimony given in deposition proceedings</u>, the Party or Non-party offering or sponsoring the testimony must identify within thirty days of the receipt of the transcript, all confidential testimony.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) so as not to interfere with the viewing or use of the non-protected portions of the evidence.

5.4   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate information or items as confidential does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3   <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the

Challenging Party to sanctions. Frivolous designations, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following Qualified Persons:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such

as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(i) Other Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(j)  Actual or Potential Witness in the Action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that

such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

(k) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

(l) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1 If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

8.2     The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. Such notification shall include a copy of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

8.3     The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely asserts an objection, seeks a protective order from the court where the subpoena or order issued, or otherwise requests that the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, then the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, unless the Party has obtained the Designating Party's prior written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

9.3   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.4   The provisions of this Section 9 set forth above do not apply to third-party Nissan Motor Company, Limited. Nissan Motor Company, Limited is to be treated as a "party" for the purposes of the application of this Protective Order.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

/ / /

## 11. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

11.1   The parties acknowledge, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material.

## 12. FINAL DISPOSITION

12.1   After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## 13. VIOLATIONS

13.1   Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

## 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: <u>October 19, 2021</u>

JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN PASCAL, et al., | **Case No. 8:20-cv-00492-JLS-JDE** |
| Plaintiffs, | ***EXHIBIT A* TO STIPULATED PROTECTIVE ORDER** |
| vs. | |
| NISSAN NORTH AMERICA, INC., | Judge: Honorable Josephine L. Staton |
| Defendant. | Magistrate Judge: Hon. John D. Early |
| | Courtroom: 10A (Santa Ana) |

I acknowledge that I have read and understand the Stipulated Protective Order entered in this action on _____, 2020, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Information that is the subject of the Stipulated Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of this Order.

Date Signed: _____

Signature: _____

Name/Entity: _____

Address: _____

Email Address: _____

Telephone Number: _____